Shaw C. J.
delivered the opinion of the Court. It was
admitted in this case, that the pauper once had his settlement in the defendant town, which of course continued unless he acquired a new one.
The defendants undertook to show that he had acquired a settlement in Attleborough by the twelfth mode in St. 1793, c. 34, § 2. To acquire a settlement in this way, he must have resided in the town ten years, and have paid all the State, county and town taxes assessed on his poll or estate ior any five years.within that term.
The single question in the present case was, whether the pauper had actually paid the highway tax assessed upon him in *386 1824, it being very clear, that nothing short of an actutl payment of the tax would be a compliance with the statute, and give the pauper a settlement. This was a question of fact for the jury.
The statute of 1786, c. 81, § 3, provides that a surveyor of highways shall make a return of those who have not worked out or otherwise paid their highway tax, and the assessors shall include it in their tax-bill of the ensuing year. The defendants contended, that as the tax upon the pauper was not included in the tax of the ensuing year, the presumption was that it was paid.
The judge who tried the cause instructed the jury, that this circumstance did raise a presumption of payment, but that it might be repelled by other proof, and he left it with .the other evidence to the jury, who found a verdict for the plaintiffs.
The plaintiffs now contend that this instruction was wrong, and that the instruction ought to have been, that the presumption was conclusive. But the Court are clearly of opinion that the instruction was right. There was nothing in the statute, and certainly nothing in the circumstances of the case, to render this presumption conclusive. It was evidence to be weighed and considered by the jury, and they might well consider it as fully counterbalanced by the express negative testimony of the surveyor. The jury were also rightly instructed, that the burden of proof was on the defendants, and that if they doubted of the truth of the fact relied on, to wit, the payment of the tax, the verdict must be for the plaintiffs.

Judgment on the verdict.